UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Crim. No. 11-300__22__-MAP |
| | ) | |
| | ) | **VIOLATIONS** |
| v. | ) | |
| | ) | 18 U.S.C. § 1344 - |
| | ) | Bank Fraud |
| JEFFREY DODGE, | ) | (Count One) |
| | ) | |
| Defendant. | ) | 18 U.S.C. § 1014 - |
| | ) | False Statement on Loan Application |
| | ) | (Count Two) |
| | ) | |
| | ) | 18 U.S.C. §§ 981 and 982; 28 U.S.C. § 2461 - |
| | ) | Asset Forfeiture Allegations |

## INDICTMENT

The Grand Jury charges:

## GENERAL ALLEGATIONS

At all times pertinent to this Indictment:

1. Bank of America, National Association (hereinafter "Bank of America"), was a financial institution doing business in the District of Massachusetts and elsewhere, whose deposits were insured by the Federal Deposit Insurance Corporation.

2. 20 Finlay Road, Sturbridge, Massachusetts was piece of real property (hereinafter "House I"). From on or about May 3, 1996 to on or about May 16, 2006, House I was owned by JEFFREY DODGE and another person, subject to a mortgage held by the United States of America, through the Farm Service Agency of the United States Department of Agriculture.

3. 61 Oakwood Road, Brimfield, Massachusetts was a piece of real property (hereinafter "House II"). From on or about November 17, 2006 to on or about May 9, 2008, House II was owned by JEFFREY DODGE subject to a mortgage held by Bank of America.

4.   On or about April 20, 2006, the United States of America foreclosed on House I due to the failure of DODGE and another person to make the required payments on the mortgage loan for House I.

5.   After the foreclosure sale on House I and after the proceeds of the sale were applied to DODGE's debt from the mortgage loan on House I, DODGE still owed over $86,000 in principal, with interest accruing thereafter, to the United States of America.

**COUNT ONE:**     **Bank Fraud (18 U.S.C. § 1344)**

6.     The allegations contained in paragraphs 1 through 5 are realleged and incorporated herein.

7.     From in or about June 2006 to November 17, 2006,

**JEFFREY DODGE,**

defendant herein, in the District of Massachusetts and elsewhere, knowingly executed and attempted to execute a scheme and artifice to defraud Bank of America and to obtain moneys and funds owned by and under the custody and control of Bank of America, by means of materially false and fraudulent pretenses and representations.

It was part of the scheme that:

8.     On or about June 26, 2006, DODGE sent a letter to a Bank of America representative to supply information about his application for a mortgage loan on House II. In the letter, DODGE made misleading statements about the reasons for his filing a Chapter 13 Bankruptcy Court petition on or about October 15, 2005.

9.     On or about July 10, 2006, DODGE sent a letter to a Bank of America representative in support of his application for a mortgage loan on House II which assured the representative that DODGE and his wife had "more than sufficient cash on hand to handle our closing costs in the purchase of our new home."

10.     On or about July 11, 2006, DODGE sent to a Bank of America representative in support of his application for a mortgage loan on House II false rent receipts and money orders which purported to be for monthly rent payments that DODGE and another person had paid on House I for the time period July 2005 to June 2006, when in fact DODGE and the other person

never rented House I.

11. On or about November 17, 2006, DODGE signed and submitted an application for a mortgage loan on House II that contained false representations about having rented House I, when in fact DODGE never rented House I.

12. On or about November 17, 2006, DODGE signed an application for a mortgage loan on House II that falsely gave a "No" answer to the following question: "Have you had property foreclosed upon or given title in lieu thereof in the last 10 years?"

13. On or about November 17, 2006, DODGE signed an application for a mortgage loan on House II that falsely gave a "No" answer to the following question: "Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment?"

14. On or about November 17, 2006, DODGE signed an application for a mortgage loan on House II that falsely gave a "No" answer to the following question:  "Are you delinquent or in default on any federal debt or any other loan, mortgage, financial obligations, bond, or loan guarantee?"

15. On or about November 17, 2006, DODGE signed an application for a mortgage loan on House II that falsely gave a "No" answer to the following question: "Have you had any ownership interest in a property in the last three years?"

16. Bank of America relied on the materially false and fraudulent information in approving the loan on House II.

17. On or about November 17, 2006, in the District of Massachusetts, DODGE executed and attempted to execute the scheme and artifice as set forth above, in that DODGE

Case 3:11-cr-30027-MAP   Document 1   Filed 09/29/11   Page 5 of 9

obtained $206,369 from Bank of America to purchase House II.

18. After the mortgage loan for House II was disbursed, payments were not made in accordance with the mortgage loan agreement and the property was foreclosed, resulting in a loss to the United States of America, which guaranteed the loan made by Bank of America, of $135,494.49.

All in violation of Title 18, United States Code, Section 1344.

**COUNT TWO:** **False Statement on Loan Application (18 U.S.C. § 1014)**

19. The allegations contained in paragraphs 1 through 18 are realleged and incorporated herein.

20. From in or about June 2006 to November 17, 2006,

**JEFFREY DODGE,**

defendant herein, in the District of Massachusetts and elsewhere, knowingly made material false statements and reports for the purpose of influencing the action of Bank of America upon an application and a loan for House II, in that:

    a. the defendant stated that he had rented House I;

    b. the defendant submitted receipts for rent payments on House I;

    c. the defendant gave a "No" answer to the following question: "Have you had property foreclosed upon or given title in lieu thereof in the last 10 years?";

    d. the defendant gave a "No" answer to the following question: "Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment?";

    e. the defendant gave a "No" answer to the following question: "Are you delinquent or in default on any federal debt or any other loan, mortgage, financial obligations, bond, or loan guarantee?"; and

    f. the defendant gave a "No" answer to the following question: "Have you had any ownership interest in a property in the last three years?"

when in truth and in fact, as the defendant well knew, such statements and representations were false.

All in violation of Title 18, United States Code, Section 1014.

## FORFEITURE ALLEGATIONS
(18 U.S.C. § 982(a)(2)(A))

The Grand Jury further charges:

1. Upon conviction of any offense in violation of 18 U.S.C. §§ 1344 or 1014 as alleged in Counts One and Two of this Indictment,

**JEFFREY DODGE,**

defendant herein, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such violations, including, but not limited to, approximately $206,369.

2. If any of the property described in paragraph 1 hereof as being forfeitable, as a result of any act or omission of the defendant –

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of this Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 18 U.S.C. § 982(b)(1), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in subparagraphs a through e of this paragraph.

All pursuant to Title 18, United States Code, Section 982 and Rule 32.2 of the Federal Rules of Criminal Procedure.

A TRUE BILL

FOREPERSON OF THE GRAND JURY

ALEX J. GRANT
ASSISTANT U.S. ATTORNEY

DISTRICT OF MASSACHUSETTS:

Returned into the District Court by the Grand Jurors and filed on September 29, 2011.

DEPUTY CLERK OF COURT

11:44 AM